# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.                                         Case No. CR2-08-223(1)
                                                **JUDGE MARBLEY**

ANTHONY D. ALLS,

    Defendant.

## MOTION TO DETERMINE THE COMPETENCY OF ANTHONY ALLS

Now comes Anthony Alls, by counsel, to request that this Court conduct a hearing to determine his competency to assist properly in his defense. In the alternative, defense counsel is requesting that this Court conduct a hearing as to Mr. Alls' unwillingness to properly assist in his defense.

                                                    Respectfully submitted,

                                                    ***s/Kevin Durkin***
                                                    Kevin Durkin (0002047)
                                                    367 East Broad Street, Suite 804
                                                    Columbus, Ohio 43215
                                                    Telephone: (614) 824-4257
                                                    kd1017@aol.com
                                                    Attorney for Anthony D. Alls

**MEMORANDUM**

Defense counsel can no longer effectively represent Mr. Alls as a result of either his wilful acts or as the result of a mental disease that prevents him from properly assisting in his own defense.

Title 18 Section 4241(a) provides, in part, that at any time after the commencement of a prosecution, the Defendant may file a motion for a hearing to determine the mental competency of the Defendant. The Court shall grant the Motion if there is reasonable cause to believe that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

Defense counsel asserts that Anthony Alls is mentally unable assist properly in his defense. Counsel's assertions are based upon his personal observations of Mr. Alls since February, 2009. In the period from September 9 through October 8, 2009, counsel met with his Client seven times for a total of 7.90 hours. Anthony Alls' ability to assist in his defense has deteriorated during that time. There is now an almost total breakdown in the attorney client relationship.

Mr. Alls' mental deterioration has impaired counsel's ability to file motions and prepare his Client's defense. Mr. Alls asserts that he is emotionally unable to review recordings that are critical to the Government's case and to the defense. Anthony Alls asserts that he wants to take the stand in his own defense as to some of the charges against him, but defense counsel has been unable to determine what particular robberies would be the subject of his testimony. Mr. Alls now does not believe defense counsel as to factual matters and is demanding independent verification of counsel's statements to him. In short, Mr. Alls does not trust his attorney and counsel submits that Mr. Alls has no reasonable cause for that mistrust.

PDF created with pdfFactory trial version www.pdffactory.com

Treatment at the Franklin County Correctional Center has not been effective. Medical personnel at the jail determined that Anthony Alls should be treated with a 1 mg daily dose of Risperdal (resperidone). Risperdal is apparently an atypical antipsychotic drug used to treat schizophrenia. Defense counsel believes that the initial dosing is generally 2 mg/day and that dose increases can occur in increments of 1-2 mg/day, as tolerated, to a recommended dose of 4-8 mg/day. Anthony Alls continues to receive only 1mg of Risperdal daily.

As of the most recent medical records obtained by defense counsel, Anthony Alls was still complaining of visual hallucinations on September 25, 2009. The individual examining Mr. Alls has expressed doubts as to whether he is, in fact, experiencing visual hallucinations. However, Dr. Oaks, a forensic psychiatrist, found that the past reports of delusions were compelling and inconsistent with Anthony Alls' apparent limited intellectual capacity to make up these delusions described in the Forensic Evaluation prepared at the Federal Detention Center.

Whether Anthony Alls is actually suffering from a debilitating mental illness or feigning a mental disability in order to gain some advantage, his lack of cooperation with respect to the preparation of a defense can no longer be resolved solely between attorney and Client. Should this Court determine that this breakdown in the attorney client relationship is the result of the Defendant's wilful acts, defense counsel requests that this Court conduct a hearing as to Mr. Alls' unwillingness to properly assist in his defense. Finally, defense counsel requests that this Court extend the deadline to file motions until it has ruled on this Motion to Determine the Competency of Anthony Alls.

*s/Kevin Durkin*
Kevin Durkin
Attorney for Anthony Alls

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing Motion was served upon Assistant United States Attorney David Bosley electronically by the Clerk of the Court on this 13th day of October, 2009.

                                                  *s/Kevin Durkin*
                                                  Kevin Durkin
                                                  Attorney for the Defendant

PDF created with pdfFactory trial version www.pdffactory.com