IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY ALLS,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Civil No. 2:17-CV-00395
Crim No. 2:08-CR-00223
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 236.) For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's claims be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 cases in the United States District Courts ("Rule 4").

### Facts and Procedural History

On November 22, 2010, Petitioner was convicted, pursuant to a guilty plea, on three counts of violating the Hobbs Act, 18 U.S.C. § 1951; one count of using, carrying, brandishing, and discharging a firearm during a crime of violence, 18 U.S.C § 924(c)(1)(A)(ii), (iii); and one count of using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 219.) The pre-sentence investigation report ("PSR") prepared by the U.S. Probation Office recommended that Petitioner be considered a career offender in accordance with the "crime of violence" provisions of §4B.1 and §4B1.2 of the United States Sentencing Guidelines in effect at that time— provisions that mirrored the language contained in the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] This Court adopted the factual findings and the advisory guidelines in the PSR (ECF Nos. 220, 221), and on November 22, 2010, sentenced Petitioner to an aggregate term of 22 years imprisonment. (ECF Nos. 219, 220.)

Petitioner did not directly appeal that conviction. Instead, on November 10, 2011, Petitioner sent this Court a letter requesting an extension of time to file a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 225.) Petitioner asserted that he had been denied the effective assistance of trial counsel. (*Id.*) That request was denied. (ECF No. 227.)

Although Petitioner was sentenced as a career offender pursuant to the crime of violence provisions in the Sentencing Guidelines instead of the residual clause of the ACCA, on April 21, 2016, and in accordance with General Order No. 15-03, this Court appointed an attorney to determine whether Petitioner was eligible for relief under *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015) (finding the that the residual clause of ACCA violated the Due Process Clause of the United States Constitution). On June 23, 2016, appointed counsel indicated that, based upon his analysis, he would not file a motion to vacate under 28 U.S.C. § 2255.

Over a six month period spanning June of 2016 until November of 2016, Petitioner sent this Court two letters complaining about the lawyer that had been appointed to evaluate whether he was eligible for relief under *Johnson* (ECF Nos. 230, 231), and three letters that were construed as motions for the appointment of new counsel so that Petitioner could seek relief under *Johnson* (ECF Nos. 228, 233, 234). The motions for appointment of counsel were denied.

---

[1] At the time that Petitioner was sentenced, §4B1.2 defined a "crime of violence" for the purposes of sentencing career offenders as offenses punishable by imprisonment for a term exceeding one year that either: "1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or 2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G § 4B1.2 (2010). The clause that begins with, "or otherwise involves conduct" is known as the "residual clause."

(ECF Nos. 229, 235.) Five months after the last of those motions was denied, and more than six years after he was convicted, Petitioner executed a *pro se* motion to vacate under § 2255 on April 27, 2017. (ECF No. 236, at 1300.)

Petitioner's motion to vacate asserts that he was denied the effective assistance of trial counsel because his attorney failed to file a notice of appeal despite being requested to do so. (*Id*. at 1291.) Petitioner also asserts that he was improperly "sentenced to 300 months imprisonment based on the District Court's conclusion that he qualified as a career offender" and that his trial counsel "failed to object or appeal [the] erroneous [c]areer [c]riminal" designation. (*Id*. at 1299.) Petitioner contends that his sentence violates the Due Process Clause of the United States Constitution and that "[t]his issue would have been presented to the Court at sentencing or appeal had [Petitioner's] counsel objected to the enhancement and, or not denied [Petitioner's] Constitutional right to Appeal." (*Id*.)

**Law and Analysis**

Petitioner appears before this Court *pro se*. The allegations in his petition are thus construed in his favor and his pleadings are held to a less stringent standard than those prepared by counsel. *Martin v. Overton*, 391 F. 3e 710, 712 (6th Cir. 2004). Nevertheless, Rule 4 provides that "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." In this case, it appears that Petitioner is not entitled to relief and that dismissal is proper.

Petitioner had 14 days to appeal his November 22, 2010 conviction. *See* Fed. App. R. 4(b)(1)(A). Because he did not file a direct appeal, Petitioner's conviction became final when that 14 day period ended on December 2, 2010. *Harris v. United States*, No. 16-3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d

3

424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to 28 U.S.C § 2255(f)(1), the one year statute of limitations to file a motion to vacate under § 2255 began to run the next day, and it expired on December 5, 2011.[2] Petitioner executed his motion to vacate more than five years later on April 27, 2017. (ECF. No. 236, at 1300.) Consequently, Petitioner's motion to vacate is untimely under § 2255(f)(1).

A motion to vacate under § 2255 can be timely, however, if it is filed within one year of the date on which any government-created impediment to filing it is removed, 28 U.S.C. § 2255(f)(2); within one year of the date on which the asserted right was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); or within one year of the date on which facts supporting a claim first could have been discovered through the exercise of due diligence, 28 U.S.C. § 2255(f)(4). *Harris*, 2017 WL 1379472, at *2. Petitioner does not contend that the government caused him to delay the filing of his § 2255 motion or that the motion was based on newly discovered facts.

Nor does Petitioner point to a Supreme Court decision recognizing a new right that was made retroactively applicable to his case on collateral review. In *Johnson*, the Supreme Court held that the residual clause of the ACCA was void for vagueness in violation of the Due Process Clause. 135 S.Ct. at 2557. Petitioner was designated a career criminal, however, pursuant to §4B.1 and §4B1.2 of the Sentencing Guidelines, not pursuant to the residual clause of ACCA. Moreover, the Supreme Court recently held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that unlike the ACAA, the Sentencing Guidelines are advisory, thus they are "not subject to a

---

[2] The one year period ended on Saturday, December 3, 2011, thus the deadline was extended to the next business day, Monday, December 5, 2011.

4

vagueness challenge under the Due Process Clause and . . . [that] § 4B1.2(a)'s residual clause is not void for vagueness." *Id*. at 895. Indeed, the United States Court of Appeals for Sixth Circuit has recently explained that "*Beckles* made clear that *Johnson*-like relief is not available to individuals raising void-for vagueness challenges to sentences imposed pursuant to the residual clause contained in the prior version of U.S.S.G. §4B1.2(a)." *Harris*, 2017 WL 1379472, at *3. Accordingly, the Supreme Court's decision in *Johnson* does not toll the statute of limitations for Petitioner's motion to vacate.³ *See id.* (holding that *Johnson* did not toll the statute of limitations for a petitioner sentenced in accordance with the "crime of violence" provisions of the Sentencing Guidelines).

Further, the petition fails to allege facts demonstrating that equitable tolling is warranted. "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)).⁴ "[The] habeas petitioner must establish: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012) (quoting

---

³ To the extent Petitioner asserts that the residual clause of § 924(c) is unconstitutionally vague, and thus his prior conviction for use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1) cannot be considered a crime of violence (ECF No. 228), the Sixth Circuit has expressly held that the ruling in *Johnson* has no impact on § 924(c). *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016).

⁴ Equitable tolling is also available when a petitioner makes a credible claim of actual innocence on the basis of newly discovered evidence. *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner does not allege this basis for tolling.

5

*McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling is applied only sparingly. *United States v. Sferrazza*, 645 F. App'x 399, 408 (6th Cir. 2016) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Petitioner does not allege, nor does the docket reflect, that he exercised the requisite diligence in pursuing his claim. Petitioner believed that he had been denied the effective assistance of trial counsel as early as November 10, 2011. (ECF No. 225.) At that time, he still had four weeks to execute a timely § 2255 motion. Instead of attempting to file a motion, however, he sought an extension of time to do so. Nevertheless, courts in the Sixth Circuit are not authorized to enlarge the time for filing motions under § 2255. *United States v. Asakevich*, 810 F.3d 418, 419–20 (6th Cir. 2016); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. June 15, 2001). In addition, Petitioner does not allege, and the docket does not reflect, that an extraordinary circumstance prevented him from filing. Indeed, that Petitioner sent this Court a letter seeking an extension before the filing deadline expired suggests that he faced no insurmountable impediment that prevented him from communicating with this Court. Moreover, Petitioner sent this Court no fewer than five additional letters after that, three of which were construed as motions for the appointment of counsel. Again, this demonstrates that Petitioner could have earlier communicated a request for relief under § 2255 instead of waiting more than six years after his conviction and more than five years after the statute of limitations expired to do so.

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED** and that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Elizabeth A. Preston Deavers* __
Elizabeth A. Preston Deavers
United States Magistrate Judge